

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00315-CR

JOSHUA ED BOWYER                                           APPELLANT

V.

THE STATE OF TEXAS                                               STATE

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1283996D

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Joshua Ed Bowyer appeals his conviction for driving while intoxicated (DWI) with a child passenger under the age of fifteen. *See* Tex. Penal Code Ann. § 49.045(a)(2) (West Supp. 2011). In a single issue, Bowyer argues that the trial court erred by denying his motion to suppress blood alcohol test results obtained using the mandatory-blood-draw procedure of the Texas

---

[1]*See* Tex. R. App. P. 47.4.

Transportation Code and without his consent or a valid search warrant. *See* Tex. Transp. Code Ann. §§ 724.011(a), 724.012(b), 724.013 (West 2011). Following the court of criminal appeals's recent opinion in *State v. Villarreal*, No. PD-0306-14, --- S.W.3d ---, 2014 WL 6734178, at *21 (Tex. Crim. App. Nov. 26, 2014), in which the court held that such a warrantless, nonconsensual draw of a DWI suspect's blood does not categorically fall within any recognized exception to the Fourth Amendment's warrant requirement, nor can it be justified under a general Fourth Amendment balancing test, we will reverse the trial court's suppression order and judgment and remand the case to the trial court.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The State indicted Bowyer for DWI with a child passenger. He filed a "MOTION TO SUPPRESS SEARCH WITHOUT WARRANT (MANDATORY BLOOD DRAW PURSUANT TO TRANSPORTATION CODE SECTION 724.012)." At the suppression hearing, the State conceded that the officers in this case had time to secure a warrant to conduct a blood draw but did not do so because they were following Texas's mandatory-blood-draw statute. *See* Tex. Transp. Code Ann. § 724.012(b)(2). After the hearing, the trial court denied Bowyer's motion to suppress. Bowyer then pleaded guilty pursuant to a plea bargain, and in accordance with the plea bargain, the trial court sentenced Bowyer to two years' confinement in the State jail and a $1,000 fine, suspended imposition of the confinement portion of the sentence, and placed Bowyer on community supervision for five years. This appeal followed.

### III. BLOOD DRAW VIOLATED FOURTH AMENDMENT

Following the United States Supreme Court's decision in *Missouri v. McNeely*, the court of criminal appeals recently held that the provisions in the Texas Transportation Code do not, taken by themselves, form a constitutionally valid alternative to the Fourth Amendment warrant requirement. --- U.S. ---, 133 S. Ct. 1552, 1563 (2013); *Villarreal*, --- S.W.3d at ---, 2014 WL 6734178, at *10–16. Specifically, the court in *Villarreal* rejected the State's arguments that (1) a warrantless, nonconsensual blood test under the transportation code should be upheld as categorically reasonable under the consent exception—applicable in the form of a prior waiver through implied consent, the automobile exception, the special-needs exception, or the search-incident-to-arrest exception, (2) a blood draw should be treated as a seizure instead of a search, and (3) such a search may be upheld on the basis that it is reasonable under a general Fourth Amendment balancing test. *Id.* at ---, 2014 WL 6734178, *10–17. The State raises these same arguments in this appeal.

In this case, Bowyer did not consent to a blood draw, and a warrant to draw his blood was not obtained. The State does not rely on the exigent circumstances exception to the warrant requirement. And despite having time to obtain a warrant, the officers in this case relied exclusively on the "mandatory provisions" of transportation code section 724.012(b)(2) for the warrantless blood draw. *See* Tex. Transp. Code Ann. § 724.012(b)(2). We hold that this warrantless, nonconsensual blood draw conducted pursuant to the mandatory-

blood-draw and implied-consent provisions of the Texas Transportation Code violated the Fourth Amendment. *See Burks v. State*, --- S.W.3d ---, No. 02-13-00560-CR, 2015 WL 115964, at \*1–3 (Tex. App.—Fort Worth Jan. 8, 2015, no pet.) ("Following *Villarreal*, we hold that this warrantless, nonconsensual blood draw conducted pursuant to the mandatory-blood-draw and implied-consent provisions of the Texas Transportation Code violated the Fourth Amendment."). We further hold that the trial court erred by denying Bowyer's motion to suppress the blood alcohol test results, and we sustain his sole issue.

## IV. CONCLUSION

Having sustained Bowyer's sole issue, we reverse the trial court's order denying Bowyer's motion to suppress and the trial court's judgment, and we remand this case to the trial court for further proceedings consistent with this opinion.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL: MEIER and GABRIEL, JJ. [2]

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 12, 2015

---

[2]Justice McCoy was a member of the original panel but has retired in the interim.

4